[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Date of Sentence January 7, 1992 Date of Application January 7, 1992 Date Application Filed January 7, 1992 Date of Decision September 22, 1992
Application for review of sentence imposed by the Superior Court, Judicial District of Litchfield. Docket No. CR90-71105.
Richard D. Arconti, Esq. Defense Counsel for Petitioner
 David Shepack, Esq. Assistant States Attorney, for the State
BY THE DIVISION
On September 25, 1991, petitioner was convicted of possession of narcotics with intent to sell in violation of General Statutes 21a-277(a) and wilfull failure to appear in the first degree in violation of General Statutes Section53a-172, after pleas of guilty of such charges. A sentence of fifteen years was imposed on the first count and a concurrent sentence of five years was imposed on the second count for a total effective sentence of fifteen years. The execution of such sentence was suspended and petitioner was placed under the supervision of the Department of Adult Probation for five years.
As a condition of probation petitioner was ordered to comply with conditions of an Alternate incarceration Program (A.I.P.). This program included a condition that petitioner would enter and successfully complete an in-patient substance abuse program at Berkshire Woods Treatment Center.
Subsequently, the Department of Adult Probation was informed that on September 28, 1991 petitioner left Berkshire Woods without permission and had been terminated from the program. The department obtained a warrant for petitioner's CT Page 9643 arrest in violation of probation.
On November 26, 1991 petitioner was located and arrested on that warrant.
In open court on January 7, 1992, petitioner admitted to the violation of probation whereupon the unexecuted sentence was imposed and petitioner was committed to the Commissioner of Corrections for fifteen years.
Counsel for the petitioner argued that the sentence should be reduced. He stated that petitioner was drug-dependent and that persons so afflicted have a difficult time complying with A.I.P. For example, petitioner only lasted two days in the program and he could not cope with it. Petitioner admitted the violation and was given the maximum sentence with no aggravating factors.
The attorney argued that the sentence was disproportionate for the offense and unduly harsh.
Speaking on his own behalf petitioner admitted that he had made mistakes and wished that it had never happened.
The state's attorney argued that the sentence should not be modified. He pointed out that at the time of sentencing numerous other charges were not prosecuted. He also stated that the sentencing judge rejected the state's recommendation that petitioner be incarcerated and gave him a fully suspended sentence with A.I.P. which was promptly violated. It was also stated that the sentence imposed was less than the maximum and that petitioner was a poor candidate for rehabilitation.
At the time of sentencing the court was faced with a young man with a criminal record and a history of drug abuse who had been convicted on serious felony charges involving trafficking in narcotics. Petitioner's conviction resulted from a plea agreement in which the state recommended a sentence of fifteen years with execution suspended after seven. The terms and conditions were to be left to the court. As a part of the agreement other pending charges were not prosecuted.
Petitioner reserved the right to argue for a CT Page 9644 lesser sentence and as a part of the presentence report a detailed A.I.P. plan was proposed.
Before imposing sentence the judge commented extensively on petitioner's past life filled with drugs and wasted opportunities.
Petitioner, his attorney and his sister implored the judge to grant A.I.P. and give him an opportunity to straighten out his life.
Because of petitioner's past history the judge expressed misgivings about his ability to rehabilitate himself despite these misgivings the court acceded to petitioner's request for A.I.P. and probation. In so doing the court stated:
 "You have asked this court for an opportunity to be treated. And you have told this court that it is your intention to be motivated to seek the more appropriate course whereby you will be able to live life unencumbered and more productive with your family.
 So, you are being told directly by me, today, that the rest of your life is in your hands."
Before imposing sentence the judge unequivocally informed petitioner that if he failed to complete the program at Berkshire Woods he would go to Somers Prison for fifteen years.
The evidence indicated that petitioner left Berkshire Woods after two days.
In imposing sentence on violation of probation the judge ordered that the transcript of the original sentencing remarks be incorporated by reference.
Considering the seriousness of the underlying offense, the character of petitioner and the his scant rehabilitative prospects it cannot be found that the sentence imposed was inappropriate or disproportionate. CT Page 9645
There is nothing to indicate that the sentence should be modified. Connecticut Practice Book 942.
The sentence is affirmed.
Purtill, J. Stanley, J. Norko, J.
Purtill, J., Stanley, J. and Norko, J. participated in this decision.